# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 1:23MJ __63__
Priority Mail parcel bearing tracking number 9505 5143 )
5012 3030 3374 52, located at 302 S. McNeill St., )
Carthage, NC 28327 )

*[handwritten annotations: Agent directed to correct warrant # to 63 or have # to 63 on originally emailed warrant]*

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Priority Mail parcel bearing tracking number 9505 5143 5012 3030 3374 52, located at 302 S. McNeill St., Carthage, NC 28327

located in the __Middle__ District of __North Carolina__, there is now concealed *(identify the person or describe the property to be seized)*:

Controlled substances, packaging for controlled substances, and materials and documents reflecting the distribution of controlled substances through the U.S. Mail.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | Distribution and Possession with Intent to Distribute a Controlled Substance |
| 21 U.S.C. § 846 | Conspiracy to Distribute Controlled Substances |

The application is based on these facts:
See attached Affidavit.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/S/ Jordan Wicks
*Applicant's signature*

Jordan Wicks, Postal Inspector
*Printed name and title*

On this day, the applicant appeared before me via reliable electronic means, that is by telephone, was placed under oath, and attested to the contents of this Application for a search warrant in accordance with the requirements of Fed. R. Crim. P. 4.1.

Date: 02/06/23

*Judge's signature*

City and state: Greensboro, North Carolina

The Honorable L. Patrick Auld, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

The undersigned, being duly sworn, deposes and states:

1. I, Jordan Wicks, am a U.S. Postal Inspector and have been so employed since 2018. I am currently assigned to the Contraband Interdiction and Investigations Team in Raleigh, North Carolina and am responsible for the investigation of narcotics, drug trafficking organizations, and money laundering. I have received training by the USPIS, and members of the USPIS, in the investigation of controlled substances or proceeds/payments being transported through the United States. From 2014 to 2018, I was employed as a Special Agent with the United States Army Criminal Investigation Division (CID) as a supervisor in the Special Victims Unit. From 2008 to 2014, I was employed as a Detective with the Maplewood Police Department, St. Louis County, Missouri. From 2006 to 2008, I was employed as a Narcotics Detective with the Lincoln County Sheriff's Office, Missouri. From 2001 to 2005, I was a member of Security Forces in the United States Air Force. I have experience and advanced training pertaining to drug related investigations from the USPIS, Drug Enforcement Administration (DEA), U.S. Army, Midwest Counterdrug Training Academy, Missouri Narcotic Officers Association, the Multijurisdictional Counterdrug Task Force, as well as various other federal agencies and organizations.

2. On January 26, 2023, a Priority Mail parcel bearing tracking number 9505 5138 1311 3026 3965 91 (hereafter, "Subject Parcel 1") entered the mail stream in Mira Loma, California, 91752. Per USPS business records, Subject Parcel 1 was in transit to 199 W Spring Street, Troy, NC 27371.

3. On January 30, 2023, a Priority Mail parcel bearing tracking number 9505 5143 5012 3030 3374 52 (hereafter, "Subject Parcel 2) entered the mail stream in Bakersfield, California, 93307. Per USPS business records, Subject Parcel 2 was also in transit to 199 W Spring Street, Troy, NC 27371.

4. As noted further below, both Subject Parcel 1 and Subject Parcel 2 were in transit to 199 W Spring Street, Troy, NC 27371. However, the recipient address handwritten on each package displayed they were mailed to 199 Springdale Drive, Troy, NC 27371. A review of law enforcement databases reflects that both are valid addresses, however, 199 W Spring Street is a vacant building. At the time of this affidavit, it is unknown why both packages were listed in USPS business records as being mailed to 199 W Spring Street. However, when a customer mails a package through the USPS, they are required to verify the address in which the package is being mailed to prior to paying for the postage. After the customer verifies the delivery address, and postage is paid, the package is then shipped.

5. On January 30, 2023, I reviewed USPS business records and identified Subject Parcel 1 and Subject Parcel 2. Subject Parcel 1 was mailed from a

Riverside County, California, and Subject Parcel 2 was mailed from Bakersfield, California. Both of these areas are known source locations for drugs.

6. USPS business records reflected Subject Parcel 1 was scanned as "ADDRESSEE UNKNOWN" on January 30, 2023. I called the Troy Post Office and confirmed the package was addressed to a person that did not associate with the address (199 W Spring Street) and the package was going to be returned to the sender listed on Subject Parcel 1. I then conducted a review of the label image of Subject Parcel 1. Both the sender and receiver names listed on Subject Parcel 1 were found to be fictitious, which is a characteristic commonly seen with packages that contain drugs and/or contraband. At the time, no image was available for Subject Parcel 2.

7. On January 31, 2023, the Honorable United States Magistrate Judge Joi E. Peake issued a search warrant (1:23 MJ 46) for Subject Parcel 1. A search of Subject Parcel 1 was conducted and it was found to contain one kilogram of a compressed white powder, believed to be fentanyl. Subject Parcel 1 was seized by the USPIS.

8. On February 5, 2023, Subject Parcel 2 arrived at the Troy Post Office. TFO Tyler Cheek responded to the Troy Post Office and located Subject Parcel 2. Subject Parcel 2 is described as follows:

   A. Addressed to: "Curtis Thompson 194 Springdale Dr [illegible] NC-

27371"

B. From: "Carlos PereZ 407 S Washinton st Bakdrfild cA 93307 [phone number] 661 233 4328"

C. Size: approximately 22" X 13" X 14"

D. Weight: approximately 18 pounds and 8 ounces

E. Postage affixed: $124.95

F. Physical description: a brown Stone and Lain dinnerware package, bearing tracking number 9505 5143 5012 3030 3374 52, with excessive tape.

9. On February 5, 2023, I attempted to verify the information provided on Subject Parcel 2 by using law enforcement databases. I was able to determine that the name for the sender (Carlos Perez) of Subject Parcel 2 is not associated with the return address of 407 South Washington Drive, Bakersfield, California 93307. I attempted to verify the information provided on Subject Parcel 2 for the recipient address by using law enforcement databases. I was able to determine that the recipient's address (199 Springdale Drive, Troy, NC 27371) for Subject Parcel 2 appeared to be a valid address, however, the name (Curtis Thompson) is not associated with the address. I instructed TFO Cheek to remove Subject Parcel 2 from the mail stream and coordinate a review of Subject Parcel 2 with a drug detection canine.

10. I am aware, through my training and experience, that people who utilize the U.S. Mail to distribute controlled substances and/or monetary payments related thereto commonly use fictitious names and addresses to attempt to avoid detection by law enforcement agencies. I am also aware, through training and experience, that California is a source state for the distribution of narcotics and the receiving of narcotic proceeds. Similarly, I know through training and experience that North Carolina is a known destination for controlled substances through the U.S. Mail.

11. I am aware, also through training and experience, that people often use the U.S. Mail, specifically Express, Priority Mail Express and Priority Mail, for the delivery of controlled substances and narcotics proceeds for various reasons, some of which are listed below:

    A.  Items sent via Express, Priority Mail Express, and Priority Mail are considered First-Class Mail. Therefore, these items cannot be examined without a federal search warrant.

    B.  Express, Priority Mail Express, and Priority Mail are generally expected to be delivered in one to three days. This assures the sender of expedited delivery.

    C.  Various dispatch times (times which a mailed item is transported to the next destination) are available to customers upon request and provides the sender an opportunity to have some control as to the

arrival of the mailed item.

D. Individuals desiring to either send or receive controlled substances and payments for these substances through the U.S. Mail can do so without having to provide identification. This reduces the possibility of revealing their true identity.

E. Individuals use the U.S. Mail to send payment, often large sums of currency, for the controlled substances they have purchased. It is common for the currency to come into contact with the narcotics during drug transactions. It is further common for the currency to pick up the odor of narcotics when they come into contact. The narcotic odor on currency typically dissipates after approximately one week.

## Information Regarding the Use of a Drug Detecting Canine

12. On February 5, 2023, Sergeant M.E. McCoy of the Harnett County Sheriff's Office (HCSO), assigned to the HCSO Uniformed Patrol Division as a canine handler, was contacted regarding Subject Parcel 2. Sergeant McCoy and drug detecting canine Brutus (hereafter, "Brutus"), responded to the Moore County Sheriff's Office, Carthage, NC, in the Middle District of North Carolina.

13. Subject Parcel 2 was placed in a lineup with three other parcels at the Moore County Sheriff's Office, Carthage, NC, none of which contained a

controlled substance. Brutus walked among the parcels. Brutus alerted only to Subject Parcel 2 by sitting and staring at Subject Parcel 2, which was Brutus' signal to indicate the scent of a controlled substance. The examination took place at approximately 11:38 a.m. on February 5, 2023.

14. Sergeant McCoy has been a sworn law enforcement officer for the past fifteen (15) years and is currently employed as a Deputy Sheriff with HCSO. Sergeant McCoy has received over 180 hours of instruction and training in narcotics enforcement, narcotics related investigations, criminal/drug interdiction and legal updates while attending basic, intermediate and advanced police schools. Sergeant McCoy has initiated and/or assisted in hundreds of narcotics related investigations and has initiated and/or supervised hundreds of investigations leading to the arrest and conviction of narcotics users, street level dealers and traffickers in the State of North Carolina.

15. In August of 2014, Sergeant McCoy was selected by the HCSO to be the canine handler Uniformed Patrol Division, primarily conducting criminal interdiction with the HCSO. Sergeant and Brutus are a certified narcotics detection team through the International Police Work Dog Association (IPWDA). Sergeant and Brutus are credited with locating large quantities of illegal narcotics and bulk United States currency while conducting

criminal interdiction investigations, and assisting with various local, state and federal narcotics investigations.

16. In 2020, the HCSO purchased Brutus from Ventosa Kennels in Scotland Neck, NC. Canine Brutus is a male Dutch Shepard, a breed specifically selected for their keen senses and ability to be trained to detect the odor of controlled substances. Sergeant McCoy and Brutus attended and successfully completed the HCSO canine training program, which consisted of over 200 hours of training in which Sergeant McCoy and Brutus were trained and tested as a canine team in their proficiency in locating the odors of Marijuana, Crack Cocaine, Cocaine HCL, Heroin, Methamphetamine and Ecstasy. Canine Brutus has proven to be consistent, reliable, and proficient in the detection of the above listed odors.

17. Sergeant McCoy and Brutus were originally certified as a Narcotics Detection Team by the International Police Working Dog Association in the detection of Marijuana, Crack Cocaine, Cocaine HCL, Heroin, Methamphetamine and Ecstasy. Sergeant and Brutus would typically certify annually as a Narcotics Detection Team with the International Police Working Dog Association, however, the most recent certification for Sergeant McCoy and Brutus was conducted by the Cumberland County Sheriff's Office IPWDA Master Trainer Lt. J. Salisbury on January 25, 2022. This certification is valid for fifteen months from the date of issuance.

18. Canine Brutus is trained to "Passively Alert" after detecting the odor of narcotics for which he has been trained. This "Passive Alert" consists of a physical reaction which ultimately ends in him coming to a sitting and/or laying position when the odor of narcotics for which he is trained is detected. Brutus also exhibits various mental and physical reactions which are noticeable to Sergeant McCoy which include changes in his behavior such as becoming possessive of the area, a refusal to leave an area where the odor of narcotics is detected, and changes in his breathing rate and sniffing patterns.

19. Canine Brutus undergoes frequent training for the detection of concealed controlled substances, which is on-going in order to ensure his proficiency. Sergeant McCoy also frequently consults various periodicals and law enforcement bulletins to stay informed about current trends utilized by narcotics traffickers to include advanced narcotic concealment and packaging methods. Brutus undergoes frequent training for the detection of concealed controlled substances, which is on-going in order to ensure his proficiency. Sergeant McCoy also frequently consults various periodicals and law enforcement bulletins to stay informed about current trends utilized by narcotics traffickers to include advanced narcotic concealment and packaging methods.

20. Sergeant McCoy and Brutus have assisted various local, state and

federal law enforcement officers in hundreds of narcotics investigations. Sergeant McCoy has successfully demonstrated the ability to properly deploy and maintain a police narcotics canine and effectively locate controlled substances with the assistance of Brutus that have been concealed in a variety of locations. Since being placed into service in January of 2020, multiple search warrants (state and federal combined) have been issued based on probable cause provided by positive alerts by Brutus, resulting in the seizure of large quantities of controlled substances and bulk United States currency.

## Conclusion Regarding Probable Cause

21. Based on the above facts, I have probable cause to believe that the Subject Parcel contains controlled substances, in violation of Title 21, United States Code, Sections 841 and 846. As such, I respectfully request that a Search Warrant be issued for the Subject Parcel.

/S/ Jordan Wicks
Jordan Wicks
U.S. Postal Inspector


In accordance with Rule 4.1(b)(2)(A), the Affiant attested under oath to the contents of this Affidavit, which was submitted to me by reliable electronic means, on this ____6____ day of February 2023, at ___3:09___ a.m./p.m.

_____
The Honorable L. Patrick Auld
United States Magistrate Judge
Middle District of North Carolina